BAILEY et al. v. CADWALADER, Collector.

*(Circuit Court, E. D. Pennsylvania. April 1, 1890.)*

CUSTOMS DUTIES—CLASSIFICATION—TRADE-NAME—BOMBAY HEMP.

    An article known in the trade as "East India Bombay hemp," invoiced and entered as such in the custom-house, will be held dutiable as hemp; and testimony that it is in effect a species of Sisal-grass will not cause it to be dutiable at the rate of that article.

At Law.

This suit arose concerning the classification of East India Bombay hemp, under Tariff Index, (New,) par. 331, and was brought by John T. Bailey to recover certain customs duties alleged to have been improperly exacted in an importation which was invoiced as East India Bombay hemp, whereon a duty at $25 per ton was assessed under paragraph 331, Id., relating to hemp, manilla, and other like substances for hemp, not specially enumerated or provided for. Protest and appeal was made that it was not the hemp of commerce, nor commercially known as such, and that it should be entered at $15 per ton as a vegetable substance not specially enumerated or provided for in paragraph 333, Id. Upon the trial it was shown from the papers upon file in the collector's office that it was designated as hemp upon the bill of lading, invoice, and entry; but the testimony of the plaintiff tended to show that it could not be used as hemp, and that it was not in fact that article, and did not grow in the same way, and could not be used as a substitute. It appeared, however, that it was bought, sold, and used in trade under that commercial designation, but the testimony of the plaintiff tended to show that it was in fact a species of Sisal-grass. The verdict was in favor of the defendant.

*Henry T. Kingston,* for plaintiff.

*William Wilkins Carr*, Asst. U. S. Atty., and *John R. Read*, U. S. Atty., for defendant.

McKENNAN, J., (*charging jury.*) This suit is brought by the importer of an article, a sample of which you have had before you, to recover what is claimed by him to have been an excess of duties charged by the custom-house of Philadelphia on that article, upon the hypothesis that a duty was imposed upon this article of $25 a ton as hemp, whereas it should have been charged with a duty only of $15 a ton under another clause of the act of congress. The duty was paid under protest, and the plaintiff here has qualified himself to bring this suit to recover this exaction by the custom-house if the duty was erroneously assessed. The whole question turns upon the identity of the subject-matter of this importation. Is it hemp within the meaning of the act of congress, or does it fall within the description of another clause of the act of congress? If it is hemp, the duty is properly assessed. If it is not hemp, the duty is erroneously assessed by the government. The term employed in the act of congress is "hemp," and therefore it is employed in the sense in which that term is generally understood in commerce and trade, and no other test is furnished of the meaning of the term. It might be congress defined this term with reference to something else. In the mere commercial designation of the term they might have defined it with reference to the issue to which the article is employed; but no such test is indicated by the act of congress. It is used here simply as hemp, termed "hemp," and therefore it means what is understood to be hemp in the sense in which the article is denominated in commerce. It does not make any difference what the quality of the article is. If it is hemp generically, it means hemp as used in the act of congress, and is subject to the duty imposed upon it under that designation. You have had before you a number of samples of substances which are called "hemp," and they vary in quality, value, and in the uses to which they are employed, but they are all species of hemp, as the term is employed here. Except when they are specifically referred to in the act of congress, all species of hemp are subject to the duty imposed upon hemp under its general designation. All of the witnesses on the part of the plaintiff describe this article as hemp without exception, I believe. That is a matter you will remember. They all describe it as hemp, and the proof is that it is known in commerce as "East India Bombay hemp;" that is, hemp grown in Bombay in the East Indies; hemp, with reference to the place at which it is produced. If it is so, it is within the category of hemp, and is subject to the duty imposed by the act of congress upon that article. That is the only inquiry for you to make and determine. Is this article hemp, as known by the name which it is called? If it is, the duty was properly assessed at $25 a ton.

The plaintiff asked me to instruct you as follows: (1) "That if the jury find the subject of importation is a vegetable substance; that unless they find it to be hemp,—the plaintiff is entitled to recover." That point I affirm, with the qualification that if the article in question is known

and designated commercially as "East India Bombay hemp," and is a species of hemp, it is within that clause of the act of congress which imposes the duty of $25. (2) "That unless the jury find the subject of the importation to be hemp, manilla, or other like substitute for hemp, not specially enumerated or provided for, the plaintiff is entitled to recover." I affirm that point. (3) "That if the jury find the subject of the importation to be a vegetable substance, and not specially enumerated or provided for in the act of congress, the plaintiff is entitled to recover." I affirm that point.

I am requested by the defendants to charge you as follows: (1) "If you believe that the article imported is hemp, or a like substitute for hemp, not specially enumerated or provided for in this act, your verdict should be for the defendant." I affirm that point. (2) "If you believe that the article imported is not sunn, Sisal-grass, nor a vegetable substance, not specially enumerated or provided for in the tariff act, your verdict should be for the defendant." I affirm that point. So that the only question for you to determine is, what is the article? How is it known in commerce? Is it a species of hemp, and is it known as descriptive of hemp,—East India Bombay hemp? If it is, the defendant is entitled to a verdict. Though the question is for you, the testimony seems to be all in one direction. All the witnesses say that this article is a species of hemp, and that it is known and designated generally. It is called "East India Bombay hemp." That is a species of hemp which is grown in Bombay, in the East Indies. If it be so, then the duty was properly assessed at $25 a ton. It may be that it may not have been a very reasonable provision to assess a duty of $25 a ton upon an article which is inferior in quality to other species of hemp on which a duty of $15 only is assessed. That is a matter entirely for congress. We are to find what congress meant by its enactment, and to administer the law accordingly, and they have said that upon all species of hemp the duty shall be $25, except such as are excepted here, and this is not one of them. Jute, sunn, and Sisal-grass are species of hemp to which a special provision applies, but this East India Bombay hemp is not one of the articles to which the application of the term "hemp" is qualified in any way; so that, as the act of congress is to be construed, all substances which fall under the category of hemp, whatever the quality may be, except jute, sunn, and Sisal-grass, are to be subject to a duty of $25. That being so, the government officers properly subjected this article, which is the subject of this controversy, to a duty of $25 a ton. The plaintiff himself entered this as hemp, and there does not seem to have been any controversy on either side as to the proper designation of it put upon the invoices, and it was so taken by the government officers. The jury rendered a verdict for the defendant.